By the Court.
The application of Charles Glenn for compensation for an injury claimed to have been the result of a fall from a ladder, while in the course of his employment, was filed with the Industrial Commission. Upon consideration the commission rejected the claim on the ground that the disability which was the basis thereof was not caused by an injury sustained in the course of his employment. This finding was made and the claim rejected by the commission on November 12, 1915. From such action an appeal was filed by the claimant on October 9, 1917, in the court of common pleas of Columbiana county, the county wherein it is claimed the injury was inflicted.
*455 It is the contention of the commission, in the courts below, that the action was barred by reason of the lapse of time, the claimant having failed to appeal from the final action of the commission within thirty days after notice thereof. The finding and judgment of the court of common pleas were adverse to that contention and the same were affirmed by the court of appeals.
After this matter was at issue before the industrial commission, the statute and rules of the commission were amended. Since such amendments in no wise affect the question of law presented in this case, and for convenience only, we will refer to the statute and rules as now in force.
The provisions of Section 1465-90, General Code, are as follows: “In case the final action of such commission denies the right of the claimant to participate at all or to continue to participate in such fund on the ground that' * * * the accident did not arise in the course of employment * * * the claimant, within thirty (30) days after the notice of the final action of such commission, may, by filing his appeal in the common pleas court of the county wherein- the injury was inflicted * * *, be entitled to a trial in the ordinary way, and be entitled to a jury if he demands it.”
The commission pursuant to the provisions of Section 1465-44, General Code, authorizing it to adopt rules to govern its procedure, has made provision for the filing of applications for rehearing of claims denied by the commission; such rule provides that within thirty days after being notified of the final action of the commission adverse to the *456 claimant, the claimant may file an application for a rehearing, and thereupon the claim will be again assigned for hearing, and the claimant notified as in the case of original hearings. Such rule further provides in substance that when more than thirty days have elapsed between the date of the original hearing and the date of filing the application for a rehearing the commission will fix the time and place for hearing the application for rehearing, and if it then appears that substantial justice has not. been done a rehearing will be granted; but if upon hearing such application the commission is of the opinion that substantial justice was done at the original hearing the claim for rehearing will be denied.
In this case an application for a rehearing was not filed until August 7, 1917, and such application was denied September 25, 1917. The appeal in this case was filed within thirty days thereafter, but not within thirty days after the claim was disallowed. In fact, as these dates disclose, no application for a rehearing was filed until nearly two years subsequent to the rejection of the applicant’s claim by the Industrial Commission.
These rules of the commission do not take away any right conferred upon the claimant by law; rather they extend the time for consideration of the applicant’s claim and give further opportunity to present proofs before a final order is made. This, however, upon the condition that such application for rehearing is filed within thirty days. If that be done, then, under the rules of the commission, its final order is deferred until the con *457 elusion of the further hearing. But when the final order is made, if thereby the applicant’s claim be rejected on either of the grounds specified in Section 1465-90, General Code, the applicant within thirty days after being notified of such final action may appeal to the common pleas court, as prescribed in said section. Clearly if the appeal be not -taken within such thirty days the court of common pleas does not acquire jurisdiction to hear and determine the action.
The further rule wherein it is provided that the commission will consider an application for a rehearing, even though filed subsequent to said thirty days, evidences a desire and purpose upon the part of the Industrial Commission to give most careful consideration to every claim, and it cannot.be held that the adoption of such rule by the commission serves to repeal the limitation prescribed by the legislature.
The view taken by counsel for the applicant would permit an appeal, no matter how many years subsequent to the rejection of such claim by the Industrial Commission, provided that an application for a rehearing was filed and the same denied by the Industrial Commission within thirty days prior to the filing of such appeal. The claimant cannot by the mere act of filing such application for rehearing, which is denied, re-vest himself with a right, which he has lost under the express terms of the very statute upon which he must rely for any relief' whatever. The argument of counsel for applicant, that the thirty-day period for appeal does not begin to run until the final order, *458 that the final order is the last order,* that there is no limitation of time far filing an application for rehearing, and that action by the commission refusing to grant such rehearing is their last order, travels in a circle, and if adopted would completely wipe out any and all limitations upon time for appeal. /
It can readily be seen, as urged upon the hearing, that if the rule of the commission could have the effect of indefinitely extending the time for filing an appeal, it would become necessary for the commission to amend its rules so that there could be no application for a rehearing filed subsequent to thirty days, thus working an injury instead of conferring a benefit upon those in whose interest the workmen’s compensation act was passed.
In our opinion the Industrial Commission, by the adoption of such rules, attempted to afford the widest latitude possible for a fair and full investigation of every claim, and that is commendable, but it has not the power to extend the time for appeal expressly fixed by statute; nor has this court such power. The limitation has been fixed by a legislative provision which is clear and explicit, and if the time for appeal so prescribed is too short the legislature should so amend the law as to afford a proper period for such purpose. That limitation as fixed by the statute in force is thirty days. The application in this case was filed nearly two years after the order of the commission disallowing the claim. The common pleas court did not have jurisdiction to entertain the appeal.
*459 This view requires the reversal of the judgment of the court of appeals; and proceeding to render the judgment which the court of appeals should have rendered the judgment of the common pleas court is reversed and on the undisputed facts judgment is rendered for the plaintiff in error.

Judgment reversed, and judgment for plaintiff in error.

Nichols, C. J., Jones, Matthias, Johnson and Robinson, JJ.,. concur.
Hough, J., not participating.